## W. A. Deason v. J. C. McNeill.

MERCHANDISE—*presumption as to condition of, upon delivery.* Where merchandise, in the form of food-stuffs, is ordered, without notice, agreement or understanding to the contrary, it is implied that the same is to be delivered in good condition and qualified for the purpose contemplated by the parties.

Action commenced before justice of the peace. Appeal from the County Court of Williamson County; the Hon. W. T. SLATER, Judge, presiding. Heard in this court at the August term, 1906. Affirmed. Opinion filed March 15, 1907.

ED. M. SPILLER, for appellant.

R. T. COOK, for appellee.

MR. JUSTICE MYERS delivered the opinion of the court.

This suit was commenced before a justice of the peace and from there appealed to the County Court, where a trial by jury resulted in a verdict and judgment for appellee, the defendant below. Appellee was engaged in operating a cane or molasses mill and it was a customary arrangement for him to make sugar cane delivered in the yard at the mill, into molasses on shares, taking for his share one-third of the molasses made. This in substance was the agreement or understanding between appellant and appellee. Appellee delivered four wagonloads of cane upon the yard. Appellee

Deason v. McNeill.

ground up and boiled down about one-third of the cane delivered, making thirteen gallons of molasses, all of which were taken by appellant. Appellee refused to make up the balance of the cane, claiming that it had been frosted and was sour and unfit for use, and so notified appellant. Appellee testifies that he then told appellant that he would not work up any more of his cane on shares, but if he wished that done he must pay at the rate of 16 2/3 cents per gallon for the product. He swears that appellant agreed to this, but afterwards sent word that he would not pay money for the work but expected appellee to finish it on shares as at first agreed. Appellant denies that he consented or agreed to pay money for the work. The unground cane was left upon the yard, spoiled, and was lost. As the suit was brought in a justice of the peace court any sufficient defense supported by evidence is available without written pleadings. Either contention made by appellee, if proven, would be sufficient and a complete defense in this case. If the cane delivered by appellant was frosted, sour and unfit for the making of molasses of a good and merchantable quality, appellee was not required to work it up on shares. Without notice, agreement or understanding to the contrary, it was implied that the cane to be delivered should be in good condition and quality for the purpose contemplated by the parties, and if it was not of such condition and quality, appellee was not bound to use it. Nor under the subsequent arrangement for a money compensation, if such arrangement was in fact agreed to by appellant, could appellee be held to finish the work after notice that appellant would not pay money. Complaint is made that testimony was admitted to prove what was said by appellant's son in the absence of appellant. It is objected that there was no proof that the son was his father's agent sufficiently empowered to bear a notice that appellant would not pay money for work to be done, for that is all his statement amounted to. Whether he was so authorized or not, is not very material for the reason that appellant denies that he ever agreed to pay money for the work and does not by this suit seek to hold appellee to lia-

bility under such agreement. Nevertheless, we incline to the opinion that the son being made the agent of prior communications between the parties and the agent to bring vessels and to receive the product of the mill, it was not error to admit the testimony. We find no prejudicial error in the instructions. Upon the whole record the controversy is resolved into a question of fact in which there is a conflict of evidence. It was for the jury to decide between the parties and the`verdict is held conclusive. The judgment of the County Court is affirmed.

*Affirmed.*